AYLESWORTH *v.* CAMP.

1. VENDOR AND PURCHASER—FORFEITURE—CANCELLATION—PAYMENT—EQUITY.

The vendor of land incorrectly described by land contract, under which defendant was never put in possession, is not equitably entitled upon default and forfeiture to retain the land and to have a decree canceling the contract and authorizing him to retain the first payment.

2. SAME—COSTS—TENDER.

The purchasers, after refusing to execute a quitclaim deed for the vendor, who tendered them back the first payment and who was entitled to such deed in order to clear up the record title, could not recover costs on appeal although the court modified the decree in their favor.

Appeal from Berrien; Coolidge, J. Submitted April 9, 1912. (Docket No. 75.) Decided July 11, 1912.

Bill by John J. Aylesworth and another against Elisha J. Camp and others for the cancellation of a land contract and to remove a cloud from complainants' title. From a decree for complainants, defendants appeal. Modified and affirmed.

*I. W. Riford*, for complainants.

*Cady & Andrews*, for defendants.

MOORE, C. J. The complainants were the owners of a certain farm and resort property situated in Berrien county on the shore of Lake Michigan. The defendant was dealing in real estate as an agent and broker. On February 22, 1907, the complainants agreed upon a contract for the sale of this block of land, which contained about 60 acres, to the defendants for the consideration of $15,000. A land contract was drawn and signed by the parties, the description in which described only 10 acres.

At the time of the signing of this contract, $400 in cash was paid. The land contract provided for an abstract of title. Some questions arose about the title. Later it was discovered that the description in the land contract was wrong. In the meantime the land contract had been put upon record, but the vendors never gave possession. During the differences between the parties the vendors offered to return the $400 if the vendees would execute to them a quitclaim deed. The vendees offered to return the contract, but declined to execute the quitclaim deed. In the meantime the vendors had sold to other parties some of the 60 acres of land which should have been described in the land contract. This bill was filed to cancel the contract as a cloud on complainants' title and to forfeit the $400 payment. The defendants answered and filed an answer in the nature of a cross-bill asking that the land contract be reformed so as to correctly describe the 60 acres of land, and contained an offer to pay the money due on the contract into court, and asked for a decree for specific performance. An answer was interposed to the cross-bill. A replication was filed, and the case was heard before the judge in open court. He entered a decree as prayed by the complainants. The case is brought here by appeal.

It was stated in open court upon the argument here that counsel for appellants would be content if the decree was reversed as to the forfeiture of the $400. After the hearing in the lower court, the trial judge filed a written opinion, in which the following statements appear:

" It seems that the abstract of title was returned once or twice to complainants and some corrections made. The abstract of title which complainants finally delivered to Camp or his attorney was delivered April 25, 1907. This was kept by the defendant until August 19, 1907. The objections made to the abstract by defendant's attorney I do not regard as valid. Besides there was an unreasonable delay in making the objections and returning the abstract. It is evident that defendant knew long before August 19, 1907, just what title complainants could fur-

nish and ascertained whether it was satisfactory. * * * The defendant or his attorney well knew, or ought to have known, that complainants had a good title by record to all but 10 acres by adverse possession. The objection under the circumstances was frivolous. My opinion is that the delay in keeping the abstract about five months and in coming to no conclusion was unreasonable and inexcusable. It was not made in good faith by the defendant Camp. A notice that the contract was forfeited was served by complainants on defendant some time before suit was commenced. It appears that the defendant offered to throw up the contract if the $400 was paid back to him, but for some reason refused to make a quitclaim deed to complainants. The complainants, believing that Camp did not intend to buy the lands or was unable to find a purchaser, sold certain portions of the land to other parties evidently in good faith. It also appears that complainants have built three cottages and made other improvements on the lands at a cost exceeding $1,400. It would be impracticable and unreasonable to require complainants, under the circumstances, to accept the payment of $13,600. * * * It is my opinion that the complainants have suffered damage from the delay of defendant; that the defendant was guilty of unreasonable delay in not tendering payment of the contract installments and in not accepting the abstract. I therefore find that the complainants are entitled to keep the $400 as damages, and that they are also entitled to a decree canceling the contract with costs of suit to be taxed."

In the record the following appears:

"The defendant concedes that the abstract showed. a merchantable title when the same was completed and delivered to the defendant August 19, 1907, and the defendant makes no contest on that ground."

And we have not been able to find that an abstract showing merchantable title was furnished before that time.

If this is correct, it is evident the trial court was in error about the delay after the abstract was furnished. In addition to this, there are two important facts that bear upon the equity of allowing complainants to keep the $400: *First*, complainants were to sell 60 acres of land to defendants. The land contract delivered by them described

but 10 acres of land. *Second.* The complainants have never delivered possession of the land and now seek to have the land contract canceled, and it was canceled. We do not think it is equitable to allow them to have the use of the land all the time, to have the land contract canceled, and to keep the money paid. See *Ford* v. *Wright*, 114 Mich. 122 (72 N. W. 197). The decree as to the $400 should be reversed, and the complainants, as a condition of having the land contract canceled, should be required to repay the $400 with legal interest from the date of its payment.

As before stated, complainants offered to return this $400 if defendants would give a quitclaim deed of the land, and, though they had put the land contract on record, defendants declined to give the quitclaim deed when the return of the land contract would not remove the cloud upon the title. Under these circumstances, we will not allow costs to either party.

The decree of the court below will be modified as indicated herein and affirmed.

STEERE, McALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BLAIR and BIRD, JJ., did not sit